Sadia Siddiq on behalf of the Petitioner, Mr. Hernandez-Lara. We're asking this Court to review whether the Petitioner met his burden to demonstrate that his marriage was entered into in good faith that the statute requires. We believe that this is a predicate legal question, and this Court has jurisdiction to review that. The jurisdiction stripping provisions at 8 U.S.C., Section 1252, A2B2, we believe do not divest this Court of Jurisdiction, as this is not a challenge to the Attorney General's decision on whether to grant or deny the hardship waiver, but rather, if Mr. Hernandez-Lara Petitioner is eligible for the waiver on the basis that his qualifying marriage was entered into in good faith. So the issue of what is good faith has been long established by the Supreme Court in Lutwak, and it requires that one look to marriage conduct both before and after the marriage. Now respondents are arguing that the Board's decision employed Soriano, which similarly indicates that the central question is whether the bride and groom intended to establish a life together at the time they were married. And there are also DH regulations on how to interpret this. But we believe that the legal question before this Court, which has jurisdiction to review de novo, and did not have occasion to review in its decisions in Darif and Bodhi, are those that were primarily, in those cases, were challenging the finding of a lack of credibility and a finding of marriage fraud. So if this Court agrees that there is jurisdiction to review this legal question of law, and therefore it is reviewable, the issue then becomes, does substantial evidence support the Board's finding, and was it reasonably grounded in the administrative record? And again, we believe this does not implicate whether or not this Court should substitute any of its credibility findings for those of the Board, because ultimately in this case, the Board did make a finding that the petitioner was credible. We believe substantial evidence in this record supports that the Board did not apply the preponderance of evidence review standard to Mr. Hernandez's waiver. Under the preponderance of evidence burden that he bore, he simply had to show that it was more likely than not, or probably true, that he had entered into his marriage in good faith. Now what substantial evidence is available in the record, which the Board did not discuss? And again, applying the Supreme Court's decision in Lukwak, where it's important to look at We believe it's important to take into account the lengthy courtship of the marriage in this case. It lasted almost one and a half years. Ms. Winger, Respondent's former spouse, attended his interview with him in Mexico. There's history of them filing joint taxes together in 1988 and 1989, which was coincidentally an issue which the immigration judge found that did not bear to positive equities in his case. However, the Board reassessed it and found that it did. We have affidavits, as well as a testimony of a friend during the hearing, that friends used to see them around town together in Wisconsin at the local Kmart. There's also the issue of these Hockstetter letters, which are letters presumably to an They demonstrate that the petitioner and his ex-wife had disagreements over the nature of their marriage and what was causing it to break down. We believe in those situations that when someone discusses the problems that they're having with spouse, that bodes well for them to establish that their marriage was entered into in good faith. There's also details that the petitioner gives concerning his courtship, and those are all issues which the Board had indicated that it's not necessarily that there was a lack of evidence, but that there was no detail, but that precise detail is actually evident in the record. Although he may not have testified to it at his removal proceeding, it was certainly part and parcel of the administrative record. Again, the details in those letters also discuss how their courtship pursued, where they had dated, the places that they had attended together, and so on and so forth. In addition, the evidence also talks about the individual who was a friend of Ms. Winger, who had attended the marriage ceremony for the petitioner, as well as a joint PO Box address, which demonstrates evidence of cohabitation. In this case, the Board did indicate that they were reviewing this evidence under the preponderance of the evidence standard, yet we believe that there's not evidence to suggest that they actually did apply this. If you rely on the matter of Soriano for the proposition that the central question is whether the couple intended to establish a life together at the time they were married, you also have to take into account that matter of Soriano detailed a case where it was a heightened standard of review because that concerned visa revocation proceedings. Again, that's not present in this case. What is not an issue is that there was a finding of fraudulent or sham marriage, or that there were any of his testimony, or that of his witness was somehow incredible. I think we also have to look to, as far as what other substantial evidence in the record supports that the Board actually applied the correct burden of proof to this case, is we also have to look to the fact that there was a lack of evidence. That occurred because, as Petitioner credibly testified, there was a lapse of almost 20 years by the time that he and his wife, from when he had initially filed his I-751 petition jointly with his wife, and to when it was actually denied subsequent to a secondary filing of his I-751 application. He had explained that during that time period, there was a burglary in his apartment. He had lost a lot of his evidence. That evidence included joint bank account statements, photographs of the couple, and other sorts of similar evidence to establish the commingling. So we believe that this is relevant to also making a finding that the Board did not properly apply the correct burden of proof in this case. For this Court to look to the substantial evidence in this case, we're not asking the Court to review the credibility or the weight given to the evidence, because the statutory situations for review, as those being the sole discretion, where the Attorney General has made a finding of what evidence is credible, and the weight to be given that evidence, shall be within the sole discretion of the Attorney General. So the balancing of the weight of the evidence, we believe, occurs in situations where the Attorney General has made an adverse credibility finding. Whether or not to support that adverse credibility finding, the evidence that the Board takes a view of is not something that this Court can review. Again, that did not occur in this particular situation. There was no issue concerning adverse credibility. There was no issue concerning whether or not this marriage was not a bona fide marriage. In other words, not entered into for the purposes of him securing immigration status. I'll reserve the rest of my time for rebuttal. Thank you. Mr. Sheffield? Thank you, Mr. Chairman. Good morning, Your Honors. I may have pleased the Court. Fred Sheffield, appearing on behalf of the Attorney General. We ask that you deny this petition for review, because Petitioner has not identified any legal or constitutional basis for finding any error on the part of the Board. And I want to start by just first emphasizing what we are not here to do today, and that has been extremely clear in recent decisions. One of them, the Boadie case, which counsel referenced, the case authored by Judge Flom just within the last couple of years. The Court in that case emphasized what is evident from the immigration statute, which is that good faith marriage waivers are a form of discretionary review, and as such, the INA precludes review of them. So what we're limited to is legal questions, constitutional questions. Counsel is attempting to frame her arguments as legal in nature, but when I read through her brief and when I hear her argument, what I hear her doing is essentially asking the Court to reweigh evidence. There is no question that the immigration judge and the Board applied the preponderance standard. The preponderance standard appears in the immigration judge's decision at AR-58 and AR-62. The Board references the preponderance standard again in its decision at AR-5. And of course, the question then is, how do we know that the Board and the immigration judge applied the preponderance standard? Well, the Board and the immigration judge are, of course, entitled to a presumption of regularity, and based on that presumption, the burden is on the petitioner to establish that the Board somehow deviated from that. And there's absolutely no evidence in this case, there's nothing in the record that suggests that the Board did anything except apply the preponderance standard. The fact, the petitioner emphasizes that the Board cited to the Soriano case. The Soriano case was cited in the Board's decision, I believe on page two of its decision, for the explicit proposition of what was at issue, how to prove a marriage, not the burden of proof. When it came to the burden of proof, on page three of the Board's decision, similarly placed, I think in the first full paragraph of the Board's decision, the Board again restates that it's applying the preponderance standard. So there's no confusion in the Board's decision that it somehow co-mingled the matter of Soriano analysis about what a marriage is with what the burden of proof is. So with respect to the arguments about the burden of proof, I would just, I would submit that Boadi clearly controls this case. I want to touch briefly on some of the arguments that petitioner raised in her brief about the earlier joint petition that she had filed in 1990. The Boadi decision and the Daruff decision, both of those, both of those emphasize the notion that a discretionary waiver of this sort is not a, there's no legitimate claim of entitlement to something of this sort. And therefore, a due process claim cannot arise out of a discretionary waiver of this sort. Both Boadi and Daruff noted that it could be possible that a petitioner might raise a legal claim, but if she was going to do that, if he was going to do that, he would have to show prejudice as a result of that. Let me ask you a question about the immigration judge's finding. He never really made a credibility finding when he was analyzing the evidence that was  Isn't that right? That's correct. It's not a problem for you? No, it's not a problem. The board, the board, I mean, it's not really at issue because the board did say in its decision that we're going to assume that petitioner was credible. But the fact that petitioner was, first of all, I want to emphasize that petitioner's credibility or assumed credibility was never something that was raised in petitioner's opening brief. It was raised in the reply brief, but we would argue that that, that the notion that simply by being credible, one meets their burden of proof. We would argue that that issue has been waived. But in any event, I don't think there's a whole lot of merit to that. The Real ID Act explicitly allows for the fact that an applicant might be credible and still not meet their burden of proof. The board, in its decision, cited a case called, a board decision called Matter of DR, which notes that an IJ is not required to accept respondents' assertions where other views are permissible. And I also want to push back against the notion that just because there was no explicit finding of fraud here, that that necessarily means that it was not a sham marriage. What I think we see here is just an immigration judge, or what's certainly possible is an immigration judge who just didn't know what to believe. And as petitioner acknowledges, the burden of proof was on him to establish the good faith nature of his marriage. Mr. Sheffield, could we go back to the preponderance just for a second, if we could? The board, as you correctly noted, suggested even if you assume that he was, Hernandez was testifying truthfully, the board said that he provided little detail of his courtship of his wife or their wedding, and then the board further says that there's a paucity of record evidence. Now, I understand about being precluded from reweighing the evidence, but from a legal standard on the preponderance, is that an accurate characterization of what went on before the IJ? Is that too high a burden for him? I mean, this paucity statement, little detail of the courtship, aren't we, did the board raise the bar on preponderance here? I mean, don't we have cases which reflect assuming a truthful testimony and some, if you want to call it minimal evidence, good faith entering into the marriage, that that's sufficient? I don't think that we have cases that say that. I think post Real ID Act, it's very clear now that testimony, even if it's deemed credible, is not sufficient to meet one's burden of proof. I think a lot of the cases involving credibility come from asylum, where we reach different issues. Cases involving marriage fraud, we don't necessarily get into this distinction between once someone is credible, everything that they need to be, that they've said should be presumed to be true. So the preponderance standard is met in these types of cases by what would you say, what quantity of evidence? Well, it's greater, it's whether it's more likely true than not in the eyes of the fact finder. And there's no dispute about that. So once the IJ makes that conclusion, the board really has little to do, right, in a preponderance case? And what does the board do? Well, the board is also, the board is reviewing the burden of proof finding de novo. So the board is looking at credibility determinations and fact finding as a, under clear air, and the board is reviewing burden of proof determinations de novo. So the board has a role in assessing the evidence as well. So and you would say the board's conclusion of a paucity of evidence is an accurate reflection of what went on below? Well, when the board is describing petitioner's evidence as including a paucity of evidence, the board is characterizing petitioner's evidence. The board is not making any statement about what is included in the preponderance standard. So I don't, I don't see any reference to any linkage between the notion that someone needs more than a paucity or something like that. There's no inference that there's a relationship between the word paucity and the preponderance standard. What we're seeing when the board's talking about a paucity is simply there's not a lot of evidence or less than one would expect given petitioner's claims. So the, and these are all, these are all issues of fact that are, you know, that this court's been very clear about that shouldn't be reviewed. I guess in the time I have remaining, I just want to touch briefly on the petitioner's claim involving the first joint petition. Petitioner I think in his arguments infers that the, that first petition somehow languished with the agency and as a result of that languishing he was prejudiced. But let's be clear. This is a situation where the agency was responsive each and every time that petitioner took the affirmative step of reaching out to the agency. In 1990, petitioner filed a joint petition for Winger. He was promptly scheduled by INS for an interview, but did not appear with his spouse. So this paucity, I want to go back to that because it shows up in the footnote of the BIA's determination because apparently there was an error in the immigration judge made with respect to the filing of the taxes because the wife's income was reflected in the income taxes. Am I reading that footnote correctly? And so they actually gave credit to him saying that the, that he was head of the household. I don't know that they gave credit to his claims about that. I think they just said that that wasn't a valid basis for finding his evidence not persuasive because there was an error. I think the immigration judge was looking at tax filings from, later tax filings. But the tax filings for 88 and 89 showed they filed those taxes as married, right? And it listed the wife's income. I'm just. Right. Right. Well, right. There were two sets of tax, there were two sets of tax filings that were filed and petitioner, basically the board was just saying there was no inconsistency with them. But again, tax filings are one piece of evidence. Right. One piece of evidence though that reflected the wife's income in both of those years, 88 and 89. And then the board goes on to say, even if they give full credit to the joint returns that were filed, it's a paucity of record evidence supporting the claim that he entered the marriage in good faith. Right. So again, the board is just making a statement about the weight that would go to those tax records. Mr. Sheffield, if the board says nothing other than the preponderance standard has been met and we have nothing else other than that, no editorializing, so to speak, with paucity of record or any specific reference, is it your position that that will always satisfy the review by this court? No, I wouldn't say that at all. I think this court's been very clear that without any analysis on the part of the fact finder, there's going to be a problem for review. Review requires that. But that's not this case. This is a case where we have a nine-page, single-spaced written decision by the board. I understand that there's more in-depth in this case than that. But once there's an analysis of any sort, you would say that that carries the day? Well, I think that's what Congress specified. Once you have weighing of the evidence, consideration of the factors before the marriage and after the marriage, which clearly happened here, then this court's review is pretty limited. For that reason, Your Honor, we would again ask that you deny this petition for review. Thank you, Mr. Sheffield. Thank you. Ms. Zedek? Your Honors, I believe that this is a unique situation. I mean, we have a situation where an applicant for a hardship waiver has been in the United States since 1985. There's no allegation or insinuation that there's fraud. He has submitted evidence. He has provided testimony in detail. The board in its decision actually asked to the issue of credibility indicates that in the absence of an explicit credibility finding, we will assume for purposes of the appeal that the respondent, his testifying witness, and personal friend are credible. So in those particular situations, arguing that paucity of evidence does not support a finding that the applicant met his burden of proof to establish that he entered into in good faith, that's an issue of legal distinction. And simply indicating that that doesn't exist in this situation, and again, it's not a situation where the board also indicated as a matter of discretion we're denying this, we would still deny the hardship waiver. They are indicating that there just was not enough evidence to support it. And we believe, even though respondent is arguing that they did look to evidence both before and during the marriage, in fact, they did not, because there is a nine-page decision. It is lengthy. They do detail the evidence they discuss, but none of it does relate to the evidence of cohabitation prior to the marriage. So your bottom line really is that when the IJ and the BIA find everybody credible that Mr. Lara put on, that it's inconsistent to then say he didn't enter into the marriage in good faith. That's correct. So there's no contrary evidence presented. That's correct, Your Honor. I mean, that's your bottom line. That's my bottom line. And no evidence to show that it was a sham or anything, particularly in light of that finding. And also that there were other factors which would result in a denial due to discretion, which would presumably foreclose review of this court's decision in the case. Thank you, Your Honor. Thank you. Thanks to both counsel. The case is taken under advisement. The court will proceed.